IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL RUGGS, # 210511, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:22cv471-RAH-CSC |
| CHADWICK CRABTREE, et al., ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

On August 8, 2022, Petitioner Nathaniel Ruggs filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the Alabama Board of Pardons and Paroles denial of his parole. Doc. 1. In an answer to Ruggs' petition, Respondents argue, among other things, that Ruggs hasn't exhausted his state court remedies for his challenge to the parole board's actions. Doc. 9. The Court agrees with Respondents and, for the reasons that follow, recommends that Ruggs' petition be dismissed without prejudice.

### I.  DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the

exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Under Alabama law, initial review of an action by the parole board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. Alabama Board of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for common-law writ of certiorari in Alabama is by (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* ALA. CODE § 12-3-9; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Here, Ruggs has filed a petition for common-law writ of certiorari in the Circuit Court of Montgomery County seeking review of the parole board's actions, but he has not sought appellate review of any decision by the Circuit Court of Montgomery County. Ruggs was afforded an opportunity to show cause why his habeas petition should not be dismissed without prejudice to allow him to exhaust his claims in the state courts. Doc. 11. He then filed a response in which he did not address his failure to exhaust his state court

remedies. Doc. 12. The Court does not consider it appropriate to rule on the merits of Ruggs' petition without first requiring that he exhaust his claims in the Alabama courts.

### III.  CONCLUSION

Accordingly, the undersigned RECOMMENDS that Ruggs' petition for writ of habeas corpus (Doc. 1) be DISMISSED WITHOUT PREJUDICE due to his failure to exhaust his state court remedies.

It is further ORDERED that by **November 3, 2022**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of October, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE