IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL RUGGS, # 210511, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-471-RAH-CSC |
| | ) |
| CHADWICK CRABTREE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

On October 20, 2022, the Magistrate Judge entered a Recommendation that the Petitioner's habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. (Doc. 14.) The Petitioner filed objections. (Docs. 15, 16.)[1]

The Court has independently reviewed the file and reviewed, *de novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). The Court acknowledges the Petitioner's frustration with the fact that the state circuit court has not yet ruled on his petition for a common-law writ of certiorari, which has been pending in state court for over nine months. Although in some circumstances a habeas petitioner's

---

[1] The Petitioner's first objections (Doc. 15) were timely. *See* FED. R. CIV. P. 72(b)(2). However, the Petitioner's second objections (Doc. 16) were untimely because they were filed more than 14 days after service of the Magistrate Judge's Recommendation. *See* FED. R. CIV. P. 72(b)(2). Even considering both the Petitioner's timely and untimely objections, the Court's conclusion remains the same.

failure to exhaust state court remedies may be excused upon a showing that exhaustion would be futile, such circumstances are not currently present in this case. *Cf. Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) (excusing noncompliance with exhaustion requirement when the state action had been "completely dormant for over one year" and the state provided "no reason for its torpor").[2]  Accordingly, it is

    ORDERED as follows:

1) The Objections are OVERRULED;

2) The Recommendation of the Magistrate Judge is ADOPTED;

3) The Petitioner's habeas corpus petition is dismissed without prejudice;

4) Judgment is entered in favor of the Respondents and against Petitioner;

5) The Petitioner's Motion "for Court to Grant the Motion due to the State's Failure to Respond" (Doc. 12) is DENIED as moot.

A separate Final Judgment will be entered.

DONE, on this the 8th day of December, 2022.

                                    /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.